UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Carmin Bravo,<br><br>                                                   Plaintiff,<br><br>-v-<br><br>Sandeep Grover, Gourav Arora, Anamika Grover,<br><br>                                                   Defendants. | 2:24-cv-07237<br>(NJC) (ST) |

**<u>MEMORANDUM AND ORDER</u>**

NUSRAT J. CHOUDHURY, United States District Judge:

      Presently before the Court is Carmin Bravo's ("Bravo") motion to proceed in forma pauperis ("IFP") filed together with a pro se complaint and a motion for the Court to request pro bono counsel to represent Bravo in this case. (*See* Compl., ECF No. 1; IFP Mot., ECF No. 2; Pro Bono Counsel Mot., ECF No. 4.)[1] For the reasons that follow, the application to proceed IFP is denied without prejudice and with leave to renew upon filing the enclosed "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239) ("Long Form"). Alternatively, Bravo may pay the $405.00 filing fee within fourteen (14) days in order for this case to proceed.

      To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins*

---

[1] Bravo had filed this case in the United States District Court for the Southern District of New York. *Bravo v. Grover et al.*, No. 24-cv-7456 (S.D.N.Y.). By Transfer Order dated October 4, 2024, it was transferred and assigned to this Court's docket on October 15, 2024. (Transfer Order, ECF No. 5.)

*v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). "The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Davis v. NYC Dept. of Educ.*, No. 10-cv-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. NYC Health & Hosps. Corp.*, No. 07-cv-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). When a litigant's application fails to establish the level of poverty required under the IFP statute, such application is properly denied. *See*, *e.g.*, *Miller v. Smith*, No. 21-cv-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. *Davis*, 2010 WL 3419671 at *1 (citing *DiGianni v. Pearson Educ.*, No. 10-cv-206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010)). The court may dismiss a case brought by a plaintiff requesting to proceed in forma pauperis if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Further, "[i]n assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." *Fridman v. City of N.Y.,* 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quotation marks and citation omitted).

Here, Bravo's application does not provide sufficient information for the Court to reasonably conclude that Bravo is unable to afford the filing fee. Indeed, of the eight questions on the application, Bravo answered only the first three. (IFP Mot. ¶¶ 1–3.) Although Bravo checked the boxes to indicate that Bravo is not incarcerated, is not employed, and has not received income from any source exceeding $200 in the past twelve months other than $291 in SNAP benefits, Bravo has not answered the questions that ask for how much money Bravo has

in cash or in an account or any anything owned of value. (*Id.* ¶¶ 3–5.) Nor has Bravo provided any financial information concerning regular monthly expenses, any financial dependents, or debts. (*Id*. ¶¶ 6–8.) The Court also notes that, although Bravo includes a residential address and a telephone number in the complaint and IFP motion, no expenses associated with these items have been reported. (Compl. at ¶ II; IFP Mot. at 3.) Thus, the present application raises more questions than it answers and does not include sufficient information to find Bravo is qualified for a fee waiver.

Accordingly, the IFP motion is denied without prejudice and with leave to renew on the Long Form. Alternatively, Bravo may pay the $405.00 filing fee.[2] Bravo shall either file the Long Form or remit the filing fee within two (2) weeks of the date of this Order or the complaint will be dismissed without prejudice. The Court holds the application to request pro bono counsel to represent Bravo in this case in abeyance pending resolution of the filing fee.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[2] Bravo is cautioned that, once paid, there are no refunds of the filing fee no matter the outcome of the case. Accordingly, Bravo is encouraged to consult with the Hofstra Law Pro Se Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants. The Court notes that the Pro Se Clinic is not part of, nor affiliated with, the United States District Court. The Clinic offers services such as: providing brief legal counseling; explaining federal court rules and procedures as well as the limited subject matter jurisdiction of this Court; and reviewing and editing draft pleadings and correspondence with the Court. Consultations with the Pro Se Clinic can be conducted remotely via telephone. If you wish to contact the Pro Se Clinic to make an appointment, email them at PSLAP@Hofstra.edu or leave a message at (631) 297-2575.

      The Clerk of Court is respectfully directed to mail a copy of this Order to Bravo at the address of record and to record such mailing on the docket.

SO ORDERED.                                           */s/ Nusrat J. Choudhury*
                                                                                  NUSRAT J. CHOUDHURY
                                                                                  United States District Judge

Dated:         Central Islip, New York
                 November 21, 2024